# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GLENN M. PRENTICE                                    Case No. 12-12993

                    PLAINTIFF,                        Senior U.S. District Judge Arthur J. Tarnow

v.                                                    Magistrate Judge David R. Grand

RESIDENTIAL FUNDING LLC, ET AL.,

                    DEFENDANT.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [12]

Before the Court is Plaintiff's Motion for Reconsideration [12] filed on November 5, 2012, and Defendants' Motion to Strike Seal and/or Redact Plaintiff's Motion for Reconsideration [13] filed on December 17, 2012.

## I. Plaintiff's Motion for Reconsideration [12]

### A. Procedural Background

On July 11, 2012, Plaintiff removed three cases to this Court: (1) State of Michigan 41-B Judicial District Court Case 11-09868T-LT, (2) Circuit Court for the County of Macomb, Case 2012-000397-AV, and (3) Circuit Court for the County of Macomb, Case 2010-004172-CH. On October 15, 2012, this Court entered an Order [7] granting Defendants' Motion to Remand [2] as to all Defendants, except Defendant GMAC Mortgage, LLC. The Court also stayed, held in abeyance, and administratively closed this case pending a bankruptcy action as to Defendant GMAC Mortgage, LLC.

### B. Standard of Review and Analysis

Federal Rules of Civil Procedure Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for

the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."   A motion for relief under Rule 60(b)(1) is intended to provide relief to a party in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Plaintiff first objects to this Court's Order of Remand [7] by stating, "[t]his Court erred in their ruling remanding the cases back to the State Courts because a clear and concrete pattern of rulings and court transcripts bear out that the State Judges have no respect for the statutes or constitution and they all rule from the bench in a rogue fashion."  Plaintiff has failed to provide any evidence to support this claim, and does not allege a specific mistake of law or clear error of judgement  made by this Court.  *Cacevic*, 226 F.3d, at 490.  There is also no evidence that an excusable litigation mistake occurred, or that an attorney acted without authority. *See id.*  Therefore, Plaintiff does not meet the standard for reconsideration based on mistake under Rule 60(b)(1).

Plaintiff also objects based on allegations that the state courts, the Defendants, and Defendants' attorneys have impaired his rights through fraud.   "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 456 (6th Cir. 2008).  In order to successfully show fraud, Plaintiff must present "clear and convincing evidence of . . . questionable behavior affecting the fairness of litigation other than statements or the failure to make statements." *Satyam Computer Servs. v. Venture Global Eng'g, LLC*, 323 Fed. Appx. 421, 429-430 (6th Cir. 2009)(internal quotation marks and citations omitted).

Moreover, Rule 60(b)(3) "clearly requires the moving party to show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding." *Info-Hold, Inc.*, 538 F.3d at 455.

Plaintiff puts forth no substantive evidence that material facts were misrepresented or concealed, or that the fairness of litigation was compromised by the deliberate acts of Defendants, Defendants' attorneys, or state court judges.  Despite Plaintiff's lengthy allegations in the form of Attorney Grievance Commission requests for investigation, he has failed to prove fraud by clear and convincing evidence.  Plaintiff only offers statements of the Defendants' attorneys, and state court judges, as well as claims of their failure to make certain statements.  For instance, Plaintiff claims that the attorneys changed the status of his property to non-resident in order to stop the sheriff sale on the property from being overturned.  However, Plaintiff offers no substantive evidence to support this claim, and does not establish fraud under Rule 60(b)(3).  *Satyam Computer Servs*., 323 Fed. Appx. at 429-30.

Plaintiff also claims that this Court, as well as the state courts, have improperly denied him a trial by jury.  However, Plaintiff's cases were properly dismissed from this Court for lack of jurisdiction pursuant to 28 U.S.C. § 1441. Therefore, no jury trial was required in this Court, nor does this Court have the authority to require a jury trial in the state courts.

## II. Defendants' Motion to Strike, Seal, and/or Redact [13]

### A. Motion to Strike

In relevant part, Federal Rules of Civil Procedure Rule 12(f) states: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike a pleading have long been held in disfavor, as being drastic remedies not to be used unless the material to be stricken has "no possible relation to the controversy." *Brown*

& *Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Wrench LLC v. Taco Bell Corp.,* 36 F.Supp.2d 787, 789 (W.D.Mich. 1998); *United States v. Quadrini,* 2007 WL 4303213, at *3 (E.D.Mich. 2007) (noting that motions to strike pleadings are disfavored, because pleadings have limited importance in federal practice, and those motions are often used as a dilatory tactic).

Defendants first argue that Plaintiff's entire Motion for Reconsideration [12], or alternatively, the attached exhibits and references thereto, should be stricken from the record pursuant to Rule 12(f).  The exhibits contain eight requests for investigation sent to the Michigan Attorney Grievance Commission by Plaintiff.  In these requests, Plaintiff alleges that Defendants' attorneys have acted improperly in their handling of Plaintiff's cases.  Defendants argue that those requests were only included for "the scandalous and vexatious purpose of harassing, defaming, annoying, embarrassing, and/or oppressing non parties to this action."   While the connection between these requests for investigation and Plaintiff's claim are tenuous, they have some relation to the controversy, in that Plaintiff argues that Defendant committed fraud during the foreclosure process. *See Brown & Williamson Tobacco Corp.*, 201 F.2d, at 822.  Therefore, the drastic remedy of striking Plaintiff's pleading is not necessary in this case.

### B. Motion to Seal and/or Redact

Federal Rules of Civil Procedure Rule 5.2(e) provides, "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court."  The party requesting a protective order bears the burden of proving good cause.  *McLaurin v. Detroit Ent., LLC,* CIV.A. 09-CV-13174, 2010 WL 750194 (E.D. Mich. 2010).  In order to establish good cause, the moving party is also required to:

4

make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one. . . .This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts.

*Id.* (*citing  Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C. 1991).

In the present case, Defendants claim that the exhibits contain inflammatory material that has no bearing on Plaintiff's cases, and violates the privacy rights of the attorneys mentioned within the exhibits. Because the requests for investigation are not yet substantiated and because of the potential inflammatory nature of this material, the exhibits to Plaintiff's Motion for Reconsideration [12] will be sealed.

Therefore,

**IT IS ORDERED** that the Motion for Reconsideration [12] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Seal and/or Redact [13] is **GRANTED IN PART** and **DENIED IN PART.**  The exhibits to the Motion for Reconsideration [12] will be sealed.

**SO ORDERED.**

                                s/Arthur J. Tarnow
                                Arthur J. Tarnow
                                Senior United States District Judge

Dated: April 17, 2013

_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 17, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 17, 2013: **Glenn Prentice.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                District Judge Arthur J. Tarnow
                                (313) 234-5182

5